UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (at Cincinnati)

| | | |
|---|---|---|
| Laura Aker, et al., | : | |
| | : | |
| Plaintiffs, | : | Case No.  1:21-cv-00016 |
| | : | |
| v. | : | Judge Matthew W. McFarland |
| | : | |
| ABX Air, Inc., et al., | : | Magistrate Judge Karen L. Litkovitz |
| | : | |
| Defendants. | : | |

**MOTION OF OHIO CONTRACTORS ASSOCIATION ADVANCEMENT FOUNDATION TO DISMISS ALIAS SUMMONS AND COMPLAINT**

**I. INTRODUCTION**

The Ohio Contractors Association Advancement Foundation moves to dismiss the Complaint served upon it pursuant to Fed. R. Civ. P. 12(b)(1) and (6), for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

The Ohio Contractors Association Advancement Foundation was served with an "Alias" Summons attached to a copy of the Plaintiffs' Complaint. (See, Exhibit A).  The Ohio Contractors Association Advancement Foundation is neither named as a party nor as an affiliate of any defendant in the Complaint.  The Foundation's name does not appear anywhere in the entirety of the Plaintiffs' Complaint.

**II. BACKGROUND**

The Plaintiffs' Complaint states on page 18 that their lawsuit is to hold the 48 named defendant "medical insurance companies, self-funded and/or self-insured employers and/or employee health plans, medical benefit plan administrators, and/or third-party administrators

1

accountable for approving and funding fraudulent, unnecessary and/or experimental surgeries on their insured, the Plaintiffs."

The Plaintiffs' Complaint does not allege that the Ohio Contractors Association Advancement Foundation is a medical insurance company, self-funded and/or self-insured employer and/or employee health plan, medical benefit plan administrator, and/or third-party administrator. The Plaintiffs do not assert that the Ohio Contractors Association Advancement Foundation approved and funded surgeries on the Plaintiffs. The Plaintiffs' Complaint does not set forth facts to establish the Ohio Contractors Association Advancement Foundation is an alias for any of the Defendants.

The Plaintiffs' Complaint does not assert that the Ohio Contractors Association Advancement Foundation contracted to insure risks located in Ohio or to administer the insurance of risks, and conducted activities that gave rise to the Plaintiffs' claims for relief.

## III. STANDARD OF REVIEW

A Complaint "must allege facts that, if accepted as true, are sufficient 'to raise a right to relief above the speculative level' and 'state a claim for relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is plausible where the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In making this determination, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Brickerstaff v. Lucarelli*, 830 F.3d 388, 396 (6th Cir. 2016) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). A

court need not accept as true any conclusory legal allegations that lack specific facts necessary to establish a claim. Id.

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction.

The Ohio Contractors Association Advancement Foundation challenges the existence of subject matter jurisdiction pursuant to Rule 12(b)(1). Plaintiffs, therefore, have the burden of proving jurisdiction to avoid dismissal. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

The Plaintiffs lack standing to assert claims against the Ohio Contractors Association Advancement Foundation because their Complaint has not set forth any particularized injury traceable to the Foundation. Plaintiffs have the burden and must clearly allege that they suffered an injury that is fairly traceable to the Ohio Contractors Association Advancement Foundation that is likely to be redressed by a court decision. None of the Plaintiffs assert they suffered any injury that is traceable to the Ohio Contractors Association Advancement Foundation. They, therefore, lack standing to bring their action against the Foundation. See *Buchholz v. Meyer Njus Tanick, PA*, 946 F.3d 855, 861 (6th Cir. 2020).

The Plaintiffs' lack of standing against the Foundation means this Court lacks subject matter jurisdiction. This Motion requests the Court dismiss any action or claims against the Ohio Contractors Association Advancement Foundation.

### B. Motion to Dismiss for Failure to State a Claim.

While material factual allegations contained in the complaint must be accepted as true, "complaints in which plaintiffs have failed to plead enough factual detail to state a claim that is plausible on its face may be dismissed for failure to state a claim." *New Albany Tractor, Inc. v.*

*Louisville Tractor, Inc.,* 650 F.3d 1046, 1050 (6th Cir. 2011). Conclusory allegations are not accepted unless they include specific facts relating to the causes of action. Id.

The Ohio Contractors Association Advancement Foundation asserts that the Court must dismiss Plaintiffs' alias Summons and Complaint for failing to allege against the Foundation a nonfrivolous underlying cause of action. Plaintiffs have failed to state any claim against the Ohio Contractors Association Advancement Foundation, let alone a single claim upon which relief can be granted.

The Plaintiffs' Complaint fails to contain sufficient factual allegations to show that at least one named plaintiff can state a claim against the Ohio Contractors Association Advancement Foundation that is "plausible on its face." *Twombly*, 550 U.S. at 750.

The Ohio Contractors Association Advancement Foundation moves to dismiss all five counts in the Complaint.

### a. Plaintiffs' Complaint Count I: Breach of Contract

Ohio law permits recovery for a breach-of-contract action when a plaintiff can prove the following elements: (1) the existence of a contract; (2) performance by plaintiffs; (3) breach by the defendant; and (4) damage or loss to plaintiffs as a result of the breach. All four elements are required, but the first and third prong are missing.

The breach-of-contract claim should be dismissed because Plaintiffs have not identified any contract with the Ohio Contractors Association Advancement Foundation. Further, the Plaintiffs have not identified any breach by the Foundation. *Pavlovich v. Nat'l City Bank*, 435 F.3d 560, 565 (6th Cir. 2006) (citing *Wauseon Plaza Ltd. P'ship v. Wauseon Hardware Co.*, 156 Ohio App.3d 575, 807 N.E.2d 953, 957 (Ohio Ct.App. 2004)).

### b.  Plaintiffs' Complaint Count II:  Negligence

To assert a claim for negligence, Plaintiffs must assert that the Ohio Contractors Association Advancement Foundation owed them a duty, breached it, and that such alleged breach was the proximate cause of their damages.

Plaintiffs have not alleged that the Ohio Contractors Association Advancement Foundation committed a legally cognizable tort of negligence as described in Count II of the Complaint.  None of the assertions in the Complaint state a facially plausible negligence claim against the Foundation.

### c.  Plaintiffs' Compliant Count III: Constructive Fraud

According to Fed.R.Civ.P. 9(b), all claims of fraud must be stated with specificity regarding "the parties and the participants to the alleged fraud, the representations made, the nature in which the statements are alleged to be misleading or false, the time, place and content of the misrepresentations, the fraudulent scheme, the fraudulent intent of the defendants, reliance on fraud, and the injury resulting from the fraud." *AAA Installers v. Sears Holding Corp*., 764 F.Supp.2d 931, 939 (S.D. Ohio 2011).

The Plaintiffs have failed to plead with any particularity a claim of fraud against the Ohio Contractors Association Advancement Foundation.

### d.  Plaintiffs' Complaint Counts IV and V: ERISA

Counts IV and V of the Plaintiffs' Complaint fail to contain sufficient plausible facts to state a claim under the ERISA laws against the Ohio Contractors Association Advancement Foundation.

## IV. CONCLUSION

The Ohio Contractors Association Advancement Foundation requests this Court grant the Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim.

    Respectfully submitted,

    */s/ Patrick A. Devine*
    Patrick A. Devine  (OH #0022919)
    ICE MILLER LLP
    250 West Street
    Columbus, OH 43215
    (614) 462-2238
    Patrick.Devine@icemiller.com

    Counsel for The Ohio Contractors Association Advancement Foundation

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of March 2021, the above *Motion of Ohio Contractors Association Advancement Foundation to Dismiss Alias Summons and Complaint* was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties of record.

                                                */s/ Patrick A. Devine*
                                                Patrick A. Devine

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| LAURA AKER, ET AL.<br><br>*Plaintiff(s)*<br>v.<br>ABX AIR, INC., ET AL.<br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 1:21-CV-016<br>)<br>)<br>)<br>)<br>) |

ALIAS  **SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)* OHIO CONTRACTORS ASSOCIATION ADVANCEMENT FOUNDATION

c/o Christopher Runyan
1313 Dublin Road
P.O. Box 909
Columbus, OH 43216

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  James F. Maus, Esq.
Deters Law
441 Vine Street, 44th Floor
Cincinnati, Ohio 45202
Phone: (859) 363-1900
Mobile: (513) 448-7024

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.



Date:  21
2/19/20..

*of Clerk or Deputy Clerk*

**EXHIBIT A**